UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIEU VIEU ERISTMA,

                Petitioner,

-vs-                                                          Case No.  8:03-cv-100-T-17TGW

JAMES V. CROSBY, JR.,

                Respondent.
_____/

**<u>ORDER</u>**

This case is before this Court on Dieu Vieu Eristma (Eristma's) petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Eristma challenges his eight convictions and sentences for sexual battery on two female children under twelve years of age. The convictions and sentences arise out of the Thirteenth Judicial Circuit in Hillsborough County, Florida.

PROCEDURAL HISTORY

On August 2, 1996, in an amended information, Eristma was charged with eight counts of sexual abuse against two sisters while they were under the age of twelve. (R 23-26).[1] Counts one, two, and three charged that Eristma committed a capital sexual battery upon Vionne Prophete through penile/vaginal union or penetration. Counts four and five charged that Eristma committed sexual battery upon Vionne Prophete while in a position of familial authority through penile/vaginal union or penetration. Counts six, seven, and eight charged that Eristma committed capital sexual battery upon Yolette Prophete.

---

[1] Respondent filed the record on appeal as Exhibit No. 18.  Citations to the record will be designated with the letter "R" followed by page number.

A jury trial was held before the Honorable M. William Graybill, Circuit Judge, in October 1996. At the end of the two-day trial, on October 10, 1996, the jury found Eristma guilty on all eight counts as charged. (R 69-71). On November 12, 1996, the court sentenced Eristma to consecutive life sentences on counts one, two, three, six, seven, and eight. Eristma received thirty-year prison sentences on counts four and five, with those sentences running consecutive to each other but concurrent with the life sentences. (R 75-95). Also on that date, the court issued an order finding Eristma to be a Sexual Predator pursuant to Fla. Stat. § 775.23. (R 73).

Eristma appealed his convictions. His court-appointed counsel filed an initial brief (Exhibit 1) raising the following two issues:

> WHETHER THE COURT ERRED IN DENYING THE APPELLANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ABORTION
>
> WHETHER THE COURT ERRED IN ITS FAILURE TO DECLARE A MISTRIAL WHEN VIONNE PROPHETE TESTIFIED THAT SHE HAD ATTEMPTED SUICIDE IN VIOLATION OF THE COURT'S MOTION IN LIMINE.

The State then filed an answer brief (Exhibit 2), and Eristma filed a reply brief (Exhibit 3) . On February 20, 1998, in Case No. 2D96-5093, the Second District court of Appeal issued per curiam affirmed's judgment and sentence. (Exhibit 4) Eristma v. State, 711 So.2d 536 (Fla. 2d DCA 1996) [Table].

On December 29, 1998, Eristma filed a pro se Motion for Post Conviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, with supporting memorandum of law. (Exhibit 6). The motion raised four grounds for relief: (1) ineffective assistance of defense counsel resulting in Eristma's rejection of the plea offer; (2) error by the State in failing to provide its plea offer in Eristma's native language and in failing to advise the trial judge of the plea offer under Florida Rule of Criminal Procedure 3.171; (3) error by the trial court in failing

to determine whether Eristma had voluntarily rejected the State's plea offer; and (4) error in closing arguments when the prosecutor expressed his own opinions concerning the credibility of various witnesses.

On August 20, 1999, the state trial court ordered the State to respond to grounds one and two of the motion, and summarily denied grounds three and four. (Exhibit 7). As to the latter two grounds in the Rule 3.850 motion, the court found as follows:

> On ground three, Defendant maintains the trial court erred by not determining if Defendant voluntarily rejected the plea offer. Since Defendant's rights were protected, the Court was not required to determine if Defendant voluntarily rejected the plea offer. As such, no relief is warranted on ground three.
>
> On ground four, Defendant avers that the prosecutor made improper remarks during opening and closing statements. However, a defendant is procedurally barred from arguing in a 3.850 motion that his rights were violated by improper closing arguments at trial. Kelley v. State, 569 So.2d 754 (Fla.1990). That issue should have been or could have been raised on direct appeal. As such, no relief is warranted on this ground.

Order Denying Motion for Post-Conviction Relief Pursuant to Rule 3.850 and Order to Respond, p. 3).

The State filed its response to the order to show cause on October 4, 1999. (Exhibit 8). On November 3, 1999, after considering the motion, the record, and the State's response, the state trial court filed a written order denying grounds one and two. (Exhibit 9). As to ground two, the court held:

> In ground two of his Motion, Defendant alleges prosecutorial misconduct for failing to advise [the] trial judge about plea negotiations under Fla. R. Crim. P. 3.171 and for not submitting the plea in a form that Defendant could understand. Postconviction proceedings are limited to collateral matters and may not raise issues which could have been litigated prior to judgment. See Hunter v. State, 583 So.2d 369 (Fla. 2d DCA 1991); Kelly v. State, 569 So.2d 754 (Fla. 2d DCA 1990). As such, no relief is warranted on ground two.

Eristma was successful in obtaining a belated appeal of the orders denying Rule 3.850 relief. On August 9, 2000, the state district court of appeal court filed a written opinion affirming the summary denial of relief on grounds two, three, and four, but remanding the case for an evidentiary hearing as to ground one. (Exhibit 10). <u>Eristma v. State</u>, 766 So.2d 1095 (Fla. 2d DCA 2000).

On remand, an evidentiary hearing was held before the Honorable Jack Espinosa, Jr., Circuit Judge, on January 10, 2002. (Exhibit 12). The purpose of the hearing was to resolve the issue of whether Eristma rejected the State's plea offer as a result of ineffective assistance of trial counsel. An assistant public defender was appointed to represent Eristma at the hearing, and a Creole interpreter was present.

The court heard testimony from Eristma, Eristma's trial counsel, Carolyn DaSilva, and the Creole language interpreter who assisted Eristma at trial. On February 18, 2002, the state trial court issued a written order denying ground one of the Rule 3.850 motion. (Exhibit 13). After setting out the standard for analyzing claims of ineffective assistance of counsel under <u>Strickland v. Washington</u>, 466 U.S. 688 (1984), the state trial court made the following findings of fact and conclusions of law as to the four grounds in its order:

> At the post conviction evidentiary hearing, Carolyn DaSilva, defense counsel, testified that she prepared a document[2] discussing with Defendant what he was facing, what the offer was and the type of case. (See evidentiary hearing transcript, p. 22, L: 24- 25, p. 23, L:1-4, attached) . Ms. DaSilva testified that the document was interpreted by the Creole interpreter, Mr. Vital, and Defendant responded that he understood. (See document prepared by counsel, attached). Ms. DaSilva testified that she did not recall defendant having any difficulty understanding what a trial was. (See evidentiary hearing transcript, p. 27, L: 10-14, attached). Ms. DaSilva further testified that in explaining the pros and cons

---

[2] The three-page handwritten document is appended to the evidentiary hearing transcript (Exhibit 12) as a State's exhibit).

of rejecting the plea offer, that Defendant was aware that it [sic] convicted he would be serving six consecutive life sentences. (See evidentiary hearing transcript, p. 281, L: 3-9, attached). Furthermore, Ms. DaSilva testified that Defendant, however, remained adamant about going to trial as evidenced by Ms. DaSilva's testimony at the evidentiary hearing:

> MS. DASILVA: . . . He was very adamant from day one he wanted his trial.  He was not going to plea. He was innocent one hundred percent. He rejected any offers because the offers started off higher and went lower. Each one I presented to him no way. I want my trial.

(See evidentiary hearing transcript, p. 25, L: 3-7, attached).

Consistent with Ms. DaSilva's testimony, Mr. Vital testified that he did not recall having any difficulties in communicating matters to the defendant during trial and during jail visitations from English to Creole and from Creole to English. (See evidentiary hearing transcript, p. 8, L: 2-12, attached). Mr. Vital testified that if there was ever a breakdown in communications, he had been instructed to ask the judge to stop and allow him to clarify whatever needed to be clarified, or ask the attorney to take the time out to do the same. (See evidentiary hearing transcript, p. 9, L: 106, attached) . With respect to the document provided by Ms. DaSilva, Mr. Vital testified that he read the document itself:

> "I Robert Vital-Herne have related the attorney's explanation of rights in the Creole language to Dieu-Vieu Eristma. He understands it and says it is the truth. Signed Robert Vital-Herne."

(See evidentiary hearing transcript p. 10, L: 13-16, attached).  Moreover, Mr. Vital testified that he assisted Ms. DaSilva in interpreting for Defendant a plea offer that was made by the State. (See evidentiary hearing transcript, p. 10, L: 20-25, attached). Specifically, Ms. DaSilva testified that there was a plea offer in which Defendant would have served a lesser sentence, the offer was made to him and his attorney, he, Mr. Vital, explained to him all of the ramifications and Defendant chose not to accept it stating that why should he plead guilty when he did not do it. (See evidentiary hearing transcript, p. 11, L:1-9, attached). Furthermore, Mr. Vital testified since Defendant may have had some difficult[y] understanding "what going to trial meant," he explained to Defendant what a trial was and how the legal system works and that Defendant stated that he understood the legal concepts being explained to him. (See evidentiary hearing transcript, p.18, L: 16-23, attached).

Contrary to Ms. DaSilva's and Mr. Vital's testimony, Defendant testified that he did not recall Mr. Vital reading the document prepared by Ms. DaSilva to him. (See evidentiary hearing transcript, p. 37, L: 3-7, attached). Moreover,

>  Defendant testified that he did not know the extent of the sentence that he was facing. (See evidentiary hearing transcript, p. 41, L: 12-14, attached).
>
>  The Court, believing and accepting the testimony of counsel as being true, and rejecting the conflicting testimony of Defendant as being untrue, finds that Defendant fails to show how counsel's error constitutes a substantial and serious deficiency measurably below that of competent counsel. "[M]atters of credibility are the domain of the trial court." Lewis v. State, 751 So.2d 715 (Fla. 5th DCA 2000). See also Moore v. State, 458 So.2d 61 (Fla. 3d DCA 1984) (holding that trial courts are privileged to reject a defendant's testimony in favor of conflicting testimony of counsel). As such, no relief is warranted on this ground.

(Order Denying Motion for Post-Conviction Relief, pp. 2-5).

Eristma appealed the order denying Rule 3.850 relief. He filed an initial brief, pro se, challenging only the denial of relief as to ground one of his Rule 3.850 motion: "Trial court erred in denying Eristma's 3.850 claim (ground one) that the rejection of the plea was involuntary and based soley [sic] upon erroneous advise [sic] and misunderstanding of information of trial counsel." (Exhibit 14). The State filed an answer brief. (Exhibit 15).

On December 13, 2002, in Case No. 2D02-2306, the state district court of appeal per curiam affirmed the trial court's order denying relief. (Exhibit 16) . Eristma v. State, 835 So.2d 1122 (Fla. 2d DCA 2002) [Table].

Eristma then timely filed the present federal petition for writ of habeas corpus raising four grounds for relief. A review of the record demonstrates that, for the following reasons, the petition must be **DENIED**.

## STANDARDS OF REVIEW

Because Eristma filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir.

-6-

2002). The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]). AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001). "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the

governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77. A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, supra; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply. Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000). The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti, 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El v. Cockrell, 537 U.S. 322, 348

(2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91. The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)). Williams v. Taylor, 529 U.S. at 433-34.

Thus, two principal standards control the federal court's review of Eristma's habeas corpus petition. First, under §2254 (e), the state court's determinations of factual issues are presumed correct unless Eristma presents clear and convincing evidence that the state court determinations were erroneous. Second, under § 2254(d), claims decided on the merits by the state court cannot be the basis for habeas relief unless the state court ruling does not survive a Williams analysis. Recently, the Supreme Court reiterated the highly deferential standard for evaluating state-court rulings in Woodford v. Visciotti, supra. The Supreme Court reversed a grant of habeas relief to a state prisoner under sentence of death by the Ninth Circuit on claim of ineffective assistance of counsel during the penalty phase of his state trial. The grant was held to exceed the limits imposed on federal habeas review by Section 2254(d). Id.

## THE PRESENT PETITION

Eristma raises the following four grounds for relief:

Ground One

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL'S ERRONEOUS ADVICE RESULTED IN PETITIONER'S REJECTION OF THE STATE'S PLEA OFFER.

Ground Two

PETITIONER WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHERE THE PROSECUTOR FAILED TO PRESENT THE PLEA OFFER IN A FORM THAT PETITIONER COULD UNDERSTAND, DID NOT ADVISE THE TRIAL JUDGE ABOUT THE PLEA NEGOTIATIONS, AND FAILED TO ADVISE THE JUDGE THAT THERE WAS A POTENTIAL PROBLEM WITH PETITIONER'S UNDERSTANDING OF THE CONSEQUENCES OF REJECTION OF THE PLEA OFFER.

Ground Three

PETITIONER WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHERE THE TRIAL COURT IGNORED AND/OR OVERLOOKED SIGNS OF PETITIONER'S SPECIAL COMMUNICATIVE NEEDS.

Ground Four

PETITIONER WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF LAW BY PROSECUTORIAL MISCONDUCT IN MISREPRESENTING THE FACTS AND EVIDENCE AND BY EXPRESSING HIS OWN PERSONAL OPINION AND BELIEFS.

These claims are exhausted for federal habeas corpus purposes because they were raised in Eristma's Rule 3.850 motion in state court. Nevertheless, Eristma is not entitled to relief from this Court because grounds two, three, and four are procedurally barred and he fails to satisfy the threshold requirement of 28 U.S.C. §2254(d) and (e) as to ground one.

The state courts reasonably applied the clearly established law of the United States Supreme Court contained in Strickland v. Washington, 466 U.S. 668 (1984), as to the claim of ineffective assistance of trial counsel which Eristma presents in this federal habeas action. In this case, although the state district court of appeal affirmed the order denying postconviction

relief without written opinion, the Eleventh Circuit has held that such decisions are entitled to the same deference as if the appellate court had entered written findings to support its decision. See Wright v. Sec. of Dept. of Corr., 278 F.3d 1245, 1255-56 (11th Cir. 2002) (holding that "[t]o conclude otherwise on this issue would be writing into § 2254(d)(1) an additional requirement that Congress did not put there -- a requirement that the state courts explain the rationale of their decisions . . . in § 2254(d) Congress meant to, and did, mandate deference to state court adjudications on the merits of federal constitutional issues, and a decision that does not rest on procedural grounds alone is an adjudication on the merits regardless of the form in which it is expressed").

### Ground One

Eristma alleges his trial counsel was ineffective for misadvising Eristma about the consequences of rejecting the State's plea offer, resulting in Eristma's involuntary rejection of the offer. This claim is substantially the same as the one raised in state court in the Rule 3. 850 motion and for which Eristma was afforded a full and fair evidentiary hearing. A review of the testimony of Eristma's trial counsel and the interpreter who assisted at trial, as well as documentary evidence admitted at the hearing supports the state trial court's finding that Eristma voluntarily rejected the State's plea offer.

At the state evidentiary hearing, defense counsel testified that she visited Eristma at the jail and, through a Creole interpreter, explained the State's plea offer as well as the consequences if Eristma went to trial and lost. Eristma's response was consistent -- that he did not wish to plead and wanted instead to go to trial. (Respondent's Exh. 12, p. 67) . The Creole interpreter used by defense counsel also testified that at one of the meetings between Eristma and his attorney, the attorney presented Eristma with a written explanation of the plea offer

which the interpreter translated into Creole and read to Eristma. Eristma's response was to reject the offer. The interpreter reported that Eristma said, "Why should I plead guilty when I did not do it?" (p. 53).

There was direct testimony from defense counsel that she relayed every offer to Eristma, and that Eristma in turn rejected every offer. In addition, Eristma's defense counsel reported that Eristma told her he would not take a plea because he had done nothing wrong (p. 67). This was consistent with Eristma's testimony at the hearing, where he told the trial judge: "Okay. If you do something and they offer you some time[,] if you do it you are going to take it [,] if you don't do it you are not going to take it. If I take it, it was like I did it." (p. 83). While Eristma claims that he was never properly advised of the consequences of going to trial, this claim is refuted by the testimony of Eristma's defense counsel, who stated that her client "was quite aware it was six consecutive life sentences. It's very strong language but I wrote this -- if he is convicted he is going to die in prison and never get out. He knew what he was facing." (p. 70).

Under the facts of this case, it cannot be said that the findings of the state courts resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### Grounds Two and Four

In his second ground, Eristma claims he was denied due process and equal protection of the law when the prosecuting attorney failed to present the plea offer in a form that Eristma could understand, did not advise the trial judge about the plea negotiations, and failed to advise

the judge during the plea discussions that there was a highly potential problem with Eristma's understanding what his prospects were if he rejected the state's plea offer. In ground four, Eristma contends that he was denied due process and equal protection of law where the prosecutor misrepresented the facts and evidence and expressed his own personal opinion and beliefs.  These claims of prosecutorial misconduct are procedurally barred because Eristma failed to raise them on direct appeal in state court. It is well-settled in Florida that issues which could have been, should have been, or were raised on direct appeal cannot be raised in a collateral proceeding. See, e.g., Demps v. State, 416 So. 2d 808, 809 (Fla. 1982) (Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.); Meeks v. State, 382 So. 2d 673, 675 (Fla. 1980)(same), cert. denied, 459 U.S. 1155 (1983); Adams v. State, 380 So. 2d 423, 242 (Fla. 1980)(same). See also, Kelley v. State, 569 So.2d 754 (Fla. 1990) (defendant's claim that his rights had been violated by prosecutor's improper closing argument should only be raised on direct appeal); Woods v. State, 531 So. 2d 79, 83 (Fla. 1988) (prosecutor's supposed comments on defendant's failure to produce evidence could have been raised an direct appeal and were procedurally barred). The federal court must dismiss those claims or portions of claims that either have been explicitly ruled procedurally barred by the highest state court considering the claims, Harris v. Reed, 489 U.S. 255 (1989), or are not exhausted but would clearly be barred if returned to state court. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).  A petitioner can avoid the procedural bar by showing either cause and prejudice, Wainwright v. Sykes, 433 U.S. 72 (1977), or by establishing the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was actually innocent as contemplated in Murray v. Carrier, 477 U.S. at 496.  The petitioner must present his

allegations of cause to excuse a clear procedural bar in state court. 477 U.S. at 488. Eristma has not established either cause and prejudice nor a fundamental miscarriage of justice in this instance. Grounds two and four are procedurally barred.

## GROUND THREE

Eristma alleges that he was denied due process and equal protection of law when the trial court ignored and/or overlooked obvious signs of special communicative needs and circumstances showing a high probability of his misunderstanding his rights. Although ground three was asserted in the Rule 3.850 motion for postconviction relief, Eristma did not appeal the denial of this claim. Eristma, who filed a pro se brief in this non-summary collateral proceeding, elected to appeal only the denial of ground one of the Rule 3.850 motion.

The failure to appeal the denial of grounds two, three, and four results in a procedural default of these grounds. (See discussions above). See Rodwell v. Singletary, 113 F. Supp. 2d 1308 (M.D. Fla. 2000), where this Court held:

> Although claim three was asserted in the motion for post-conviction relief filed with the state trial court, Petitioner did not appeal the denial of this claim. The failure to appeal the denial results in a procedural default. See Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial); see also, Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), cert. denied, 502 U.S. 944, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991); Smith v. Jones, 923 F.2d 588 (8th Cir.1991)(claims presented in post-conviction motion and not appealed were procedurally barred in subsequent habeas proceedings). Consequently, claim three also appears to be procedurally barred.

113 F. Supp 2d at 1312. Thus, to extent Eristma may have presented issues of federal constitutional magnitude in grounds two, three, and four of his motion for postconviction relief, they are procedurally barred and not reviewable on their merits by this Court. Absent a showing of cause and prejudice, federal habeas courts may not reach the merits of "procedurally

defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." <u>Kight v. Singletary</u>, 50 F.3d 1539, 1543 (11th Cir. 1995) (quoting <u>Sawyer v. Whitley</u>, 503 U.S. 333, 338 (1992)) (emphasis in original).

Accordingly, the Court orders:

That Eristma's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Eristma and to close this case.

ORDERED in Tampa, Florida, on May 2, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Dieu Vieu Eristma